■ In the Matter of CHARLES A. HALL, Appellant, v TOWN OF IRONDEQUOIT et al., Respondents. [782 NYS2d 308]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered July 21, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment granted respondents' motion, dismissed the petition and denied petitioner's cross motion for summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted respondents' motion seeking dismissal of the petition. Petitioner commenced this proceeding pursuant to RPTL article 7 seeking a determi-

nation that the entire 2002 assessment roll for respondent Town of Irondequoit (Town) is void and requiring respondents "to file an assessment roll completed through use of appropriate, equitable and sound principles and procedures for assessing the value of all parcels in the assessing unit." Petitioner failed to establish that he suffers "different in kind or degree from that of the public at large," and thus petitioner lacks standing to challenge the Town's entire 2002 assessment roll (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 778 [1991]). Petitioner instead should have sought review of the denial of his challenge to his own reassessment. In any event, we note on the merits that the Town complied with the requirement that it conduct a reassessment of each parcel at least once every six years (*see* RPTL 1573 [2] [b] [i] [D]). Present—Pigott, Jr., P.J., Scudder, Gorski and Lawton, JJ.